# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| TONY BLACKMAN, | Case No.: 1:17-cv-01014-BAM (PC) |
|---|---|
| Plaintiff, | |
| v. | ORDER TRANSFERRING CASE TO THE SOUTHERN DISTRICT OF CALIFORNIA |
| M. VOONG, et al., | |
| Defendants. | |

Plaintiff Tony Blackman, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 in this case on July 31, 2017. (ECF No. 1.). Plaintiff has also filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1]

Plaintiff's complaint is somewhat rambling and difficult to decipher, but Plaintiff appears to allege the wrongful rejection of his inmate appeals, the denial of law library access and services, and discrimination by staff at the Richard J. Donovan Correctional Facility, in San Diego, California.

---

[1] Although the Court makes no ruling on Plaintiff's motion to proceed in forma pauperis, the Court notes in examining this case that Plaintiff appears to have had several cases dismissed for the failure to state a claim, which were initiated while he was a prisoner. See Blackman v. Hartwell, et al., No. 1:99-cv-05822-REC-HGB (E.D. Cal. Mar. 12, 2001); Blackman v. Medina, No. 3:05-cv-05390-SI (N.D. Cal. Mar. 13, 2006); Blackman v. Variz, No. 3:06-cv-06398-SI (N.D. Cal. Dec. 18, 2006); Blackman v. Taxdahl, 1:04-cv-06389-AWI-LJO (E.D. Cal. May 18, 2007); Blackman v Evans, et al., No. 1:06-cv-0081-GSA (E.D. Cal. Feb. 3, 2009); Blackman v. Lozano, et al., No. 13-cv-01525 (N.D. Cal. Jun. 64, 2013).

1

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, the defendants do not reside in this district, and the claim arose in San Diego County, which is in the Southern District of California. Therefore, Plaintiff's claim should have been filed in the United States District Court for the Southern District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Ravelo Monegro v. Rosa, 211 F.3d 509, 512 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED as follows:

1. This matter is transferred to the United States District Court for the Southern District of California; and

2. All future filings shall refer to the new case number assigned by that district and shall be filed in that court; and

3. This Court has not ruled on Plaintiff's pending request to proceed in forma pauperis

IT IS SO ORDERED.

Dated: **August 2, 2017**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE